Weaver, J.
I concur with the majority’s result, but find its reliance on a small host of statutory-construction tools unhelpful and unnecessary. The majority’s use of these tools to search for “textual indications” to resolve the conflict between the statutes at issue is remarkable in its failure to analyze the text of the statutes. In my view, the plain text of the county commissioners act (cca) clearly conveys the Legislature’s intent to grant county boards of commissioners exclusive jurisdiction over site selection for and construction of county buildings.[1]
*717 MCL 46.11 of the CCA provides in pertinent part that county boards of commissioners may:
(b) Determine the site of, remove, or designate a new site for a county building.
* * *
(d) Erect the necessary buildings for jails, clerks’ offices, and other county buildings, and prescribe the time and manner of erecting them.
On the other hand, the Township Zoning Act (tza), MCL 125.271 et seq., vests townships with broad authority to enact zoning ordinances to regulate land development and “to insure that the use of land shall be situated in appropriate locations and relationships ____” MCL 125.271(1), cf. MCL 125.273. Anticipated or not by the Legislature, county-commission authority over site selection for, and the time and manner of erecting, county buildings as stated by MCL 46.11 conflicts with the township’s statutory authority over both the process and substance of township zoning.
Three powers vested by the Legislature in county commissions through MCL 46.11 are relevant to and decisive of this case. MCL 46.11 provides that county boards may “determine the site of,” “prescribe the time ... of erecting,” and “prescribe the . . . manner of erecting” county buildings. Because county commissions have had this express statutory authority over site selection and the time and manner of erecting county buildings since the CCA was first enacted in *718 1851, the majority’s application of the last-enactment doctrine is unpersuasive.[2]
“Determine” and “prescribe” convey the scope of county-commission authority over the development of county buildings (i.e., site selection and the time and manner of construction). To “determine” is to “set limits to; bound; define” or to “settle (a dispute, question, etc.) conclusively; decide.” Webster’s New World Dictionary (3d College ed). To “prescribe” is “to write beforehand ... to set down as a rule or direction; order; ordain; direct.” Id. While the CCA does not include the words “exclusive jurisdiction” in reference to county-commission authority over site selection for and construction of county buildings, this Court has emphasized that such “talismanic words” are unnecessary to convey the Legislature’s intent to create immunity from local zoning. Burt, supra at 669.
Where, as here, a county board seeks to site a county building in a township zoning district where the commission’s intended use for the building is not permitted., the commission’s power to “determine the site of” a county building conflicts with the township’s authority to create zoning districts that exclude defined land uses. MCL 46.11, 125.271(1). Moreover, the authority to “prescribe the time ... of erecting” *719 county buildings affects the township’s process for reviewing site plans. More critically, in my view, the authority to “prescribe the . . . manner of erecting” county buildings overrides a township’s control through the enactment of ordinances of the physical details of erecting buildings.[3]
In circumstances such as those presented, the county commission’s site-selection authority and its authority to prescribe the time and manner of erecting county buildings is diminished if the county board must comply with a township’s zoning districts just as the township’s authority to establish zoning districts is diminished if the county commission need not comply with township zoning districts when determining a site for a county building. In light of the conflict, either the township or the county must relinquish some statutory authority.[4] In this dispute, I would hold that the combined effect of the power to “determine the site” and the powers to “prescribe the time and manner of erecting” county buildings conveys a clear legislative intent to convey exclusive jurisdiction over the siting and construction of county buildings to county commissions.[5]
*720 Further, the majority reads more than can be justified into the 1998 amendments of MCL 46.11 regarding a limitation of county-commission authority over buildings required by law to be at a county seat. Any modification of the county-seat limitation on a county board’s site-selection authority does not, as suggested by the majority, show that the Legislature “must have considered the issue of limits [on commission authority over county buildings] and intended no other limitation.” Ante at 711. Such reasoning is sheer speculation and especially unconvincing because a county-seat limitation on site selection for certain county buildings appears consistently to have been included in the CCA.[6]
The Court of Appeals panel suggested this conclusion and interpretation of MCL 46.11 would impermissibly “graft . . . plenary gloss on this statutory provision,” 246 Mich App 356, 362; 633 NW2d 10 (2001). I disagree by noting that the powers vested in county commissions over county buildings are conveyed in terms analogous to those by which the Legislature *721 vested control over the state’s penal system in the Department of Corrections.[7] In Dearden, the Department of Corrections’ enabling statute expressed the Legislature’s “intent to vest the [Department of Corrections] with complete jurisdiction over the state’s penal institutions . . . .” Dearden, supra at 265. The language of the department’s enabling statute vested the department with “ ‘exclusive jurisdiction over . . . penal institutions ....’” Id., quoting MCL 791.204. Moreover, the Legislature expressly authorized the department to provide for the “ ‘unified development’ ” of penal institutions “ ‘so that each shall form an integral part of a general system.’ ” Id. at 266, quoting MCL 791.202.
For these reasons, I concur in the result of the majority opinion.

 As this Court held in Dearden v Detroit, 403 Mich 257, 264; 269 NW2d 139 (1978), the legislative intent, “where it can be discerned,” controls the question whether a governmental unit is subject to the provisions of another’s zoning ordinances. In Burt Twp v Dep’t of Natural Resources, *717 459 Mich 659, 669; 593 NW2d 534 (1999), we held that the Legislature “need only use terms that convey its clear intention that the grant of jurisdiction given is, in fact, exclusive.”

 The majority suggests that MCL 46.11 was “substantively amended in 1998,” ante at 713, but fails to explain how the 1998 amendments were relevant to the powers county commissions have held since 1851. Further, the doctrine of last enactment seems an odd choice in resolving this case because the doctrine is most often argued to support the implied repeal of one law by a later enacted law. Not even the county argues that the CCA repealed any portion of the tza. Perhaps that is because repeals by implication are not favored. Washtenaw Co Rd Comm’rs v Pub Service Comm, 349 Mich 663, 680; 85 NW2d 134 (1957).

 MCL 125.271(1) provides that “[o]rdinances regulating land development may also be adopted designating or limiting the location, height, number of stories, and size of dwellings, buildings, and structures [that] may be erected or altered; the area of yards, courts, and other open spaces, and sanitary, safety, and protective measures that shall be required for the dwellings, buildings, and structures . . . erected or altered.”

 Therefore, the surplusage argument that the majority finds so compelling is of small assistance in determining which party prevails.

 The authority of county boards pursuant to MCL 46.11 is distinguishable from that of the Department of Natural Resources (dnr) as expressed in the Natural Resources and Environmental Protection Act (nrepa), MCL 324.101 et seq. The nrepa vests the dnr with the authority to construct public boat launches. In Burt Twp, supra, this Court concluded that while *720 the nrepa gave the dnr the “ ‘power and jurisdiction’ to manage land within its control,” such authority was “not the same as granting it exclusive jurisdiction,” id. at 669-670 (emphasis in original), reasoning that “the fact that the dnr is mandated to create recreational facilities on public land it manages and controls does not indicate a legislative intent that the dnr may do so in contravention of local zoning ordinances.” Id. at 670.

 As noted by the majority, before 1998, MCL 46.11(e) provided: “Remove or designate a new site for a county building required to be at the county seat, if the new site is not outside the limits of the village or city in which the county seat is situated . . . . ” (Emphasis added.) Similarly, 1851 PA 156, § 11, ¶ 5, provided that the county commission may “remove or designate a new site for any county buildings required to be at the county seats, when such removal shall not exceed the limits of the village or city at which the county seat is situated as previously located. ” (Emphasis added.) The actual text of these incarnations of the county-seat limitation do not appear significantly different from the limitation as it is currently drafted.

 It is worth noting that, contrary to the majority’s suggestion, the majority’s construction of the county seat site selection limitation is in no way “analogous to the discernment of intent undertaken by this Court in Dearden.” Ante at 711. Dearden focused on the text of the statute to discern the Legislature’s intent; the majority fails to consider the text of the statute.